UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

TERRI PANARIELLO,
    Plaintiff,

-vs.-                                      **DEMAND FOR JURY TRIAL**

COMMERCIAL RECOVERY SYSTEMS, INC.
    Defendant.

_____

# COMPLAINT & JURY DEMAND

Plaintiff, Terri Panariello, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

# JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

# PARTIES

3. The Defendant to this lawsuit is Commercial Recovery Systems Inc. which is a Texas company that maintains registered offices in Oakland County.

1

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Navarro County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type that allegedly owed by Joseph Panariello. This is in regards to an auto loan owed to Santander in the amount of $17,319.32.

7. Plaintiff had previously given permission to the Defendant to speak with his mother, Terri Panariello.

8. On or about September 8, 2011, Mrs. Panariello agreed to settle her son's debt with Defendant for $9,000 with a check to be paid to the defendant by September 25, 2011.

9. On or about September 8, 2011, Mrs. Panariello sent a check to the defendant in the amount of $9,000 which was post dated for September 25, 2011.

10. Shortly after Mrs. Panariello sent this check to Defendant, she called Defendant and asked them not to cash the check until the end of September 2011 because she was waiting on funds. The Defendant agreed to wait.

11. On or about October 4, 2011, Defendant tried to cash this check but was unsuccessful in doing so.

12. Sometime in October 2011, Mrs. Panariello told an individual named Theresa who work for the defendant, that she cannot receive frequent phone calls because of her medical condition.

13. Theresa responded to Mrs. Panariello that she could go to jail for not paying this alleged debt.

14. The defendant has continued to hound Mrs. Panariello on a daily basis with phone calls for a debt that is not her obligation.

15. Presently, Defendant is calling Mrs. Panariello every day, on both her home and cell phone.

16. On or about November 10, 2011 at 9:45 a.m., Defendant's representative, Theresa, told Plaintiff that if she does not pay $2,000 by the end of the day, that the defendant will report her son's vehicle as stolen.

17. Theresa improperly and illegally threatened the Plaintiff with filing a criminal complaint.

18. On this same day, Plaintiff spoke with another representative, Troy, who also told Plaintiff that if she does not pay $2,000 by the end of the day, then they are going to file a police report against the Plaintiff.

19. On or about November 15, 2011, around 3:30 p.m., Theresa, called Mrs. Panariello again, on behalf of the defendant.

20. Mrs. Panariello again disclosed her previous medical condition to Teresa. She also disclosed that the defendants continued telephone calls aggravate her medical condition and cause her physical discomfort and pain.

21. Theresa again threatened Mrs. Panariello with a criminal complaint against her.

22. Mrs. Panariello then told Theresa that she is being represented by Nitzkin & Associates and gave her Plaintiff's counsels telephone number.

23. On or about November 15, 2011, an individual named Tony, on behalf of the Defendant, called Mrs. Panariello again despite having been informed that she is being represented by an attorney.

24. Tony demanded payment from Mrs. Panariello for $2,000.

25. On or about November 27, 2011, Tony called Plaintiff again and again threatened her with the criminal complaint.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff reincorporates the preceding allegations by reference.

27. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

28. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

29. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

30. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

31. The Plaintiff has suffered damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

32. Plaintiff incorporates the preceding allegations by reference.

33. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

34. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

35. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

36. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

37. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

38. Plaintiff incorporates the preceding allegations by reference.

39. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

40. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

41. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

42. Plaintiff has suffered damages as a result of these violations of the MCPA.

43. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

# DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

November 30, 2011
/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email –gnitzkin@creditor-law.com